K. A. PATTERSON ET AL. v. J. C. CRENSHAW.

Decided November 9, 1907

**School Land—Lease—Purchase—Act Construed.**

Under the provisions of sections 5 and 11 of the Act of 1905, General Laws 1905, pp. 163, 166, a lessee of public school or asylum lands had no preference right to purchase any part of such leased land after the expiration of his lease. The rights referred to in section 11 were only such rights as accrued under said Act.

Appeal from the District Court of Midland County.   Tried below before Hon. James S. Shepherd.·

*Whitaker & Gibbs* and *R. N. Grisham,* for appellants.

*S. J. Isaacs,* for appellee.

SPEER, ASSOCIATE JUSTICE.—J. C. Crenshaw recovered judgment for title and possession of four sections of land in Upton County in an action of trespass to try title brought against K. A. Patterson and W. A Patterson upon the following facts found by the trial judge:

(1) "I find that on the 15th day of April, 1905, J. C. Crenshaw, plaintiff herein, was the owner and holder of lease No. 30734, made by the State of Texas to J. C Crenshaw and C. C. Johnson on the 16th day of April, 1900, for a period of five years, and expiring at midnight on the 16th day of April, 1905.

(2) "I find that the Act of the 29th Legislature of the State of

Texas concerning the lease and sale of public school land went into effect on the 15th day of April, 1905.

(3) "I find that J. C. Crenshaw was the owner, holder and resident upon the northeast quarter of section 26, block 38, township 5 south, Upton County, Texas, and that he lived on said quarter of said section at the time he applied to purchase the lands in controversy, and has resided on same continuously in good faith and in the manner required by law.

(4) "I find that lease No. 30734 was in good standing until midnight the 16th day of April, 1905, and that in said lease were embraced sections 34, 40, 44 and 46 in block 38, township 5 south, Upton County, Texas.

(5) "I find that J. C. Crenshaw on August 7, 1905, filed his designation of certain sections, to wit: 34, 40, 44 and 46, township 5 south, Upton County, Texas, block 38, which he desired to purchase from the State of Texas as additional lands to his home tract, the northeast one-quarter of survey No. 26 aforesaid, under the preference right clause of the Act of 1905.

(6) "I find that the Commissioner of the General Land Office of the State of Texas classified and appraised the additional land aforesaid as dry grazing and at $2 per acre, and informed J. C. Crenshaw that he would be permitted to buy it after September 1, 1905, if he would get an assignment from C. C. Johnson of his interest in said lease.

(7) "I find that J. C. Crenshaw did secure an assignment of the interest of C. C. Johnson in said lease and forwarded said assignment, together with his application to purchase said four sections of additional land, 34, 40, 44 and 46, in due form of law, dated August 21, 1905, with his affidavit and obligations accompanying the same, to the Commissioner of the General Land Office, which were received at the General Land Office at Austin, Texas, August 24, 1905.

(8) "I find that the envelope containing said applications, obligations, assignment of lease of Johnson, and a certain deed from J. A. Dickson to J. C. Crenshaw to northeast quarter of 26 aforesaid, plaintiff's home tract, together with plaintiff's substitute obligations to the State and 25 cents to pay for transfer, was mailed without any endorsement, addressed to the Commissioner of the General Land Office, and that said envelope containing said papers was received by the Commissioner of the General Land Office, with the same address thereon, and opened by him on the 28th day of August, 1905.

(9) "I find that the applications of plaintiff, deed and assignment of lease remained in the General Land Office in care of the Commissioner until September 6, 1905, at which time the applications were returned to plaintiff, and were by plaintiff immediately returned to the Commissioner of the General Land Office and by him received and filed on September 11, 1905.

(10) "I find that plaintiff made first payment of the original purchase money to the State at the time and in the manner prescribed by law. I also find that the four sections in controversy are within a five mile radius of the plaintiff's home tract.

(11) "I find that W. A. Patterson filed in the General Land Office

on September 2, 1905, his application for the purchase of section 34, block 38, certificate 3094, township 5 south, Texas & P. Ry. Co., Upton County, Texas, and the same was awarded to him at $2.50 per acre on October 20, 1905.

(12) "I find that K. A. Patterson filed in the General Land Office on September 2, 1905, his application, affidavits and obligations in due form of law for sections 40, 44 and 46, block 38, township 5 south aforesaid, section 40 being the home section and sections 44 and 46 being additional land, and said three sections of land were awarded to said K. A. Patterson by the Commissioner of the General Land Office on October 20, 1905.

(13) "I find that both the defendants made the advance payment of one-fortieth of the original purchase money to the State at the time and in the manner prescribed by law.

(14) "I find that the defendants made proper settlement on their home tracts, respectively, and the defendants, each of them, made their affidavits of settlement, which were filed in the Land Office at the time and in the manner prescribed by law.

(15) "I find that the defendants, each of them, since the time of their respective settlements on their respective home tracts, have continued to reside upon said home tracts, and occupy the same in good faith in the manner required by law."

The trial court held to the view that the plaintiff had a prior right to purchase the sections in controversy, and that, therefore, the failure to endorse the envelope as prescribed by the Act of 1905, was immaterial, and rendered judgment in his favor.

Section 5, Acts of the Regular Session, Twenty-Ninth Legislature, page 163, provides: "An original lessee, or the assignee of an entire lease out of which no sale of one complement of land has been made under this Act, may purchase out of his lease at any time the quantity of land allowed to one purchaser under the provisions of this Act; also any bona fide assignee of a part of a lease evidenced by an assignment in writing, executed prior to March 17, 1902, and who is in possession of the land under said assignment when this Act takes effect, may also buy one complement of land as provided in this Act at any time, if he is qualified to buy  .  .  .   One desiring to buy land as aforesaid shall first give written notice to the Commissioner specifying the land he wishes to buy, whereupon the Commissioner shall make, or cause to be made, an inspection of the land, and appraise same at its reasonable market value, and advise the one desiring to buy, and also the proper county clerk, of the value placed thereon.   After such valuation and notice given and filed in the proper county clerk's office, the land shall be subject to sale to the persons aforesaid only, and under the terms of this Act; provided the applicant has not heretofore, or prior to the filing of his application or applications, purchased one complement of land as provided by this or former law.  .  .  .   Only one complement of land allowed to one purchaser shall be sold out of a lease under the provisions of this section.   When a lease expires, or is canceled for any cause, no one shall have any preference to buy any land therein  .  .  ."

Section 11 provides: "In order that the Commissioner of the Gen-

eral Land Office may make the necessary preparation for the execution of the provisions of this Act, he is hereby prohibited from making any further sales or leases of any kind prior to September 1, 1905, and all rights accruing under this Act prior to said date may be exercised thereafter the same as if no suspension of sales and leases had not occurred."

It is clear, under the facts as above found, that appellee had no preference right to buy the land at the time he gave written notice to the Commissioner, his lease having then expired, unless the exclusive privilege to purchase during the existence of the lease was extended by the provisons of section 11 last quoted. That such was not the case seems equally clear, since the rights thus held in abeyance were only those rights which accrued under the Act, and none accrued because appellee did nothing to secure those rights until by the very terms of the Act he had no preference right to purchase. Indeed, the precise question has been determined by our Supreme Court in the case of Murphy v. Terrell, 100 Texas, 397, decided since the trial of this case below.

We therefore reverse the judgment of the District Court, and, on the facts above stated, enter judgment for appellants.

*Reversed and rendered.*